[No. C037881. Third Dist. Dec. 7, 2001.]

SANDRA BONIFIELD et al., Plaintiffs and Appellants, v.
COUNTY OF NEVADA et al., Defendants and Respondents.

300

## COUNSEL

Prentice & Schaap and David A. Prentice for Plaintiffs and Appellants.

Charles J. McKee, County Counsel, and Edward J. Kiernan, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**SCOTLAND, P. J.**—Sandra Bonifield, individually and as the guardian of Jessica Rose Saunders-Krueger, and the Estate of Kimberly Anne Saunders (collectively plaintiffs) brought this wrongful death action after dismissing their related federal action without prejudice.[1] Defendants demurred on the ground that the state action was untimely. The superior court sustained the demurrer without leave to amend and entered a judgment of dismissal.

On appeal, plaintiffs contend (1) the state action was timely because the statute of limitations was tolled during the pendency of the federal action,

---

[1] The decedent, Kimberly Anne Saunders, was the daughter of plaintiff Sandra Bonifield, who is the executor of Saunders's estate. Jessica Rose Saunders-Krueger is Saunders's minor daughter. Bonifield filed this action on her own behalf, on behalf of Saunders's estate, and as the guardian of Saunders's daughter.

which never was effectively dismissed, and (2) in any event, the state action was timely under the principles of California's equitable tolling doctrine.

We conclude the superior court acted properly in sustaining the demurrer and entering a judgment of dismissal, although not for the reasons stated in *Kolani v. Gluska* (1998) 64 Cal.App.4th 402 [75 Cal.Rptr.2d 257] (hereafter *Kolani*). As we will explain, we believe that *Kolani* was wrongly decided.

### FACTUAL AND PROCEDURAL BACKGROUND

Early in the morning of October 27, 1996, Kimberly Anne Saunders "became missing" while traveling on a road between two towns in Nevada County. That afternoon, her family made a missing person report to the Nevada County Sheriff's Department (the Department). It is alleged the Department undertook an unsuccessful search and rescue operation that concluded a mere 24 hours after the operation started and then listed Saunders as voluntarily missing, despite protestations to the contrary from her family.

Saunders's body was located 21 days later, within two miles of the road upon which she disappeared. The cause of her death is unknown.

Plaintiffs filed a government tort claim on February 14, 1997. Nevada County rejected the claim on March 17, 1997.

On June 28, 1997, plaintiffs filed a complaint against Nevada County and others in the United States District Court for the Eastern District of California, alleging federal claims for violations of Saunders's civil rights and state law claims for negligence and wrongful death.

On February 17, 2000, plaintiffs and the defendants in the federal lawsuit executed and filed a stipulation to dismiss the action. The stipulation contained an order of dismissal for District Court Judge Frank Damrell's signature. However, the clerk of the district court entered the dismissal on February 17, 2000, pursuant to Federal Rules of Civil Procedure, rule 41(a)(1) (28 U.S.C.), without Judge Damrell's signature.

Plaintiffs filed the instant state action in Nevada County on July 12, 2000, alleging causes of action for negligence and wrongful death against Nevada County and its sheriff, Troy Arbaugh, and assistant sheriff, John Trauner (collectively Nevada County or defendants). The complaint alleges (1) Nevada County refused assistance from out-of-county search and rescue teams; (2) the Department failed to adequately perform search and rescue

efforts; and (3) the Department did not conduct an adequate search and rescue effort because of Saunders's gender and the fact she was not a resident of Nevada County. Plaintiffs further allege that, although they agreed to dismiss their federal action, there is no order from the federal court dismissing that action.

Nevada County demurred to the complaint, asserting that the federal action was, in fact, dismissed and that the state action was untimely because it was filed more than 30 days after dismissal of the federal action. (Relying on 28 U.S.C. § 1367(d).) Plaintiffs opposed the demurrer, arguing (1) the 30-day period in which the federal statute permits a state action to be filed after dismissal of the federal action never commenced because a federal judge did not approve and sign the stipulation for dismissal of the federal action, and (2) in any event, California's equitable tolling doctrine rendered the state action timely.

The superior court sustained the demurrer without leave to amend, citing 28 United States Code section 1367(d) and *Kolani, supra,* 64 Cal.App.4th 402. Plaintiffs appeal from the ensuing judgment of dismissal. (Code Civ. Proc., § 904.1, subd. (a)(1).)

### DISCUSSION

■ The six-month statute of limitations for this action began when Nevada County denied plaintiffs' claim on March 17, 1997. (Gov. Code, § 945.6; *Martell v. Antelope Valley Hospital Medical Center* (1998) 67 Cal.App.4th 978, 981 [79 Cal.Rptr.2d 329].) Plaintiffs filed their federal action on June 28, 1997—77 days before the expiration of the six-month period allowed by the statute of limitations.

Federal law provides that "[t]he period of limitations for any claim asserted under subsection (a) [conferring supplemental jurisdiction over state claims related to federal claims] . . . shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." (28 U.S.C. § 1367(d) (hereafter section 1367(d).)

Thus, plaintiffs assert that the statute of limitations was still tolled by section 1367(d) when they filed their state action. This is so they argue because, in their view, Federal Rules of Civil Procedure, rule 41 (28 U.S.C.) (hereafter rule 41) required an order signed by a federal judge to dismiss their federal case, and "since the court never signed and returned served the order of dismissal, the 30 day period of [section 1367(d)] never actually ran." We disagree.

Rule 41(a)(1)(ii) provides in pertinent part that "an action may be dismissed by the plaintiff *without order of court . . . by filing a stipulation* of dismissal signed by all parties who have appeared in the action." (Italics added.) The dismissal is effective upon the filing of the stipulation without further judicial action. (*Hester Industries, Inc. v. Tyson Foods, Inc.* (2d Cir. 1998) 160 F.3d 911, 916.) This rule is not altered even where the stipulation is submitted as "a dismissal order to the district court for its 'review, approval and signature[.]' " (*Ibid.*) Simply put, "[r]ule 41(a)(2) does not apply to circumstances where plaintiff can secure consent to a stipulated dismissal." (*Ibid.*)

Accordingly, plaintiffs' federal action was dismissed on February 17, 2000, when the parties filed the stipulation for dismissal.

This raises the question whether section 1367(d) left plaintiffs with only 30 days in which to file their state action or whether they also could tack on the 77 days that remained in the statute of limitations period when their federal action was filed.

*Kolani, supra,* 64 Cal.App.4th 402 rejected a contention that section 1367(d) excludes from the statute of limitations computation the entire period during which the federal action was pending. (*Kolani,* at p. 410.) *Kolani* characterized this interpretation of the federal statute as "unreasonable," explaining: "Such a construction is not needed to avoid forfeitures, because 30 days is ample time for a diligent plaintiff to refile his claims and keep them alive. Further, such a construction does significant harm to the statute of limitations policy [in favor of the prompt prosecution of legal claims]." (*Ibid.*) Accordingly, *Kolani* concluded that "section 1367(d) does not allow [a] plaintiff to 'tack' onto the limitations period the full time during which his federal action was pending." (*Id.* at p. 411.)

This interpretation ignores, and is inconsistent with, the plain meaning of the statutory language. Section 1367(d) specifies that the statute of limitations for a state claim over which the federal court has supplemental jurisdiction "shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

To toll the statute of limitations period means to suspend the period, such that the days remaining begin to be counted after the tolling ceases. (*Woods v. Young* (1991) 53 Cal.3d 315, 326, fn. 3 [279 Cal.Rptr. 613, 807 P.2d 455] ["Tolling may be analogized to a clock that is stopped and then restarted. Whatever period of time that remained when the clock is stopped is available

when the clock is restarted, that is, when the tolling period has ended."].) Therefore, by tolling the statute of limitations "while the claim is pending [in federal court] *and* for a period of 30 days after it is dismissed unless State law provides for a longer tolling period" (italics added), section 1367(d) operates at a minimum as follows: The days left in the statute of limitations period at the time the federal claim was filed begin to run after the tolling ceases, i.e., on the 31st day after the federal claim is dismissed.

The contrary holding in *Kolani* is unpersuasive, and we decline to follow it. In rejecting the reasoning of *Kolani*, we make the following observation: The additional 30 days of tolling provided by section 1367(d) apparently are intended to address the need for a grace period following the dismissal of a federal action that was filed on or near the last day of the statute of limitations. The fact that the additional 30 days may not be necessary in cases where the federal action was filed early in the statute of limitations period does not, in the words of *Kolani*, do "significant harm to the statute of limitations policy." (*Kolani, supra,* 64 Cal.App.4th at p. 410.) By no stretch of the imagination can it be said that an additional 30 days unduly compromises the policy in favor of the prompt prosecution of legal claims.

In sum, section 1367(d) operated to toll the statute of limitations on plaintiffs' state claims from June 28, 1997, when plaintiffs filed their federal lawsuit, through March 18, 2000, the 30th day after the federal action was dismissed. Only then did the remaining 77 days left on the statute of limitations start to run.

Since the 77th day fell on a weekend, plaintiffs had until June 5, 2000, to file their state action. (Code Civ. Proc., § 12a.) Because the complaint was filed on July 12, 2000, it was late.

■ Nevertheless, plaintiffs argue that California's equitable tolling doctrine saves their state complaint. The contention fails for reasons that follow.

■ *Addison v. State of California* (1978) 21 Cal.3d 313 [146 Cal.Rptr. 224, 578 P.2d 941] (hereafter *Addison*) addressed the "well established doctrine of 'equitable tolling,' " which applies "occasionally and in special situations" "to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." (*Id.* at p. 316.) *Addison* noted that California courts have "adhered to a general policy which favors relieving [a] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage."

(*Id.* at p. 317.) Hence, *Addison* applied the doctrine of equitable tolling to find that the filing of an action in federal court suspended the running of the six-month limitation period in which a person must file a suit in state court after notice of the rejection of his governmental tort claim. (*Id.* at pp. 315, 316, 317-321.) *Addison* pointed out that "application of the doctrine of equitable tolling requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." (*Id.* at p. 319.) Those elements were present because (1) the plaintiff in *Addison* filed his federal action three and one-half months after rejection of his tort claim, i.e., well within the six-month statute of limitations, (2) the defendants were notified of the action and thus had the opportunity to begin gathering evidence and preparing a defense, and (3) no prejudice to the defendants was shown because the plaintiff filed his state action *one week before* the federal court dismissed the federal action without prejudice to pursuing the claims in state court. (*Id.* at pp. 316, 317, 319.)

*Addison* was decided in May 1978, over a dozen years before the enactment of section 1367(d) in December 1990.

In 1998, *Kolani, supra,* 64 Cal.App.4th 402 held that section 1367(d) "codifies principles of 'equitable tolling' found in state case law." (*Kolani,* at p. 409.) *Kolani* reasoned that in all supplemental jurisdiction cases where pendent state claims are dismissed without prejudice, two of the requirements for equitable tolling are met: "Defendant receives notice of the claims, from the filing and service of the federal suit. Defense is not prejudiced, since defendant, if diligent, will interview witnesses and gather evidence to meet the claims in the federal suit." (*Ibid.*) "The third requirement, reasonable conduct by [the] plaintiff, is addressed by . . . section 1367(d)'s requirement that the second suit be filed within 30 days after dismissal of the [federal] claims. This part of subdivision (d) substitutes a bright-line rule in place of the case-by-case analysis of 'reasonableness' found in the equitable tolling cases. It affords plaintiff a reasonable time within which to get the case refiled. At the same time, it upholds the policy of the statute of limitations, by *limiting* the time to refile, and thus assuring that claims will be *promptly* pursued in any subsequent action." (*Id.* at pp. 409-410, original italics.)

Accordingly, *Kolani* concluded that, "absent some extraordinary circumstance justifying the delay," a state cause of action filed more than 30 days after dismissal of the related federal action is untimely and must be dismissed. (*Kolani, supra,* 64 Cal.App.4th at p. 411.)

Once again, we disagree with the analysis in *Kolani*. Nothing in section 1367(d) can be construed to supplant our state's common law doctrine of

equitable tolling with a "bright-line" 30-day rule. Quite to the contrary, section 1367(d) explicitly states that it provides an extra 30 days "unless State law provides for a longer tolling period."[2] Therefore, the plain language of section 1367(d) contemplates that California's equitable tolling doctrine may, "occasionally and in special situations" (*Addison, supra,* 21 Cal.3d at p. 316), provide a longer tolling period than that specified in section 1367(d).

However, this case does not present such a special circumstance because plaintiffs cannot meet the third requirement for application of the equitable tolling doctrine, i.e., that they acted reasonably (*Addison, supra,* 21 Cal.3d at p. 319) in not filing their state action within 77 days after section 1367(d)'s tolling of the statute of limitations ceased. Plaintiffs have cited no cases, and we have found none, holding that delay due to attorney neglect qualifies as "reasonable and good faith conduct on the part of the plaintiff" within the meaning of the equitable tolling doctrine. (*Addison,* at p. 319.) Indeed, the opposite is true. (*Ibid.*; cf. *Castro v. Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 928-929 [55 Cal.Rptr.2d 193] [attorney neglect is *not* a basis upon which to set aside a judgment of dismissal for failure to comply with statute of limitations]; *Todd v. County of Los Angeles* (1977) 74 Cal.App.3d 661, 666 [141 Cal.Rptr. 622] [counsel's negligence does *not* excuse the untimely filing of a lawsuit].)

There were no special circumstances alleged to justify the delay because the late filing of plaintiffs' state action was attributable to their attorney's failure to appreciate that the filing of the stipulation for dismissal constituted a dismissal of the federal action as a matter of law. As we have noted, attorney neglect does not satisfy the standard of reasonableness and special circumstances required by California's equitable tolling doctrine. Unlike in *Addison,* where the appellants filed their state court complaint even before the federal action was dismissed (*Addison, supra,* 21 Cal.3d at p. 317), plaintiffs waited 146 days after dismissal of their federal action, knowing all along that they intended to file the action again in state court.

Because plaintiffs did not satisfy the third element of the equitable tolling doctrine, i.e., reasonable conduct on their part, the superior court ruled correctly by sustaining Nevada County's demurrer without leave to amend and entering a judgment of dismissal.

---

[2]For this reason, we need not decide whether Congress even has the power to supplant California's more generous equitable tolling doctrine.

## Disposition

The judgment is affirmed. Defendants shall recover their costs on appeal. (Cal. Rules of Court, rule 26(a).)

Raye, J., and Morrison, J., concurred.

Appellants' petition for review by the Supreme Court was denied February 27, 2002.