Jonathon L. GOODMAN, Appellant,

v.

**BEST BUY, INC., Respondent.**

No. A07–1820.

Court of Appeals of Minnesota.

Sept. 2, 2008.

Katherine L. MacKinnon, Law Office of Katherine L. MacKinnon, St. Louis Park, MN, for appellant.

Joseph G. Schmitt, Halleland Lewis Nilan & Johnson, Minneapolis, MN; and Shalanda D. Ballard, Best Buy, Inc., Richfield, MN, for respondent.

Considered and decided by WRIGHT, Presiding Judge; LANSING, Judge; and MINGE, Judge.

## OPINION

LANSING, Judge.

Three months after the federal district court dismissed, without prejudice, Jonathon Goodman's removed, pendent Minnesota Human Rights Act claim, he refiled this claim in state district court. The state district court concluded that the statute-of-limitations period had expired and that 28 U.S.C. § 1367(d) (2000) allows the plaintiff

only thirty days after the dismissal of a removed claim to refile that claim in state court. Because we conclude that 28 U.S.C. § 1367(d) suspended the running of the limitations period while Goodman's case was pending in federal court, we reverse and remand.

## FACTS

Jonathon Goodman was hired by Best Buy as a customer-service representative in September 2002. Best Buy terminated his employment on February 21, 2005, and stated that the termination was based on excessive absenteeism. Goodman claimed that he had a blood-pressure condition that caused him to miss work.

Goodman sued Best Buy in Minnesota state court on July 12, 2005 under the Family and Medical Leave Act and the Minnesota Human Rights Act prohibition against disability discrimination. Best Buy removed the case to federal court on August 4, 2005. The federal district court granted summary judgment against the FMLA claim on December 4, 2006, and dismissed Goodman's MHRA claim without prejudice.

Three months later, on March 9, 2007, Goodman refiled his MHRA claim in Minnesota state court. Best Buy brought a motion to dismiss or in the alternative for summary judgment. The district court granted the motion to dismiss because it concluded that the statute of limitations had expired. The district court reasoned that 28 U.S.C. § 1367(d) (2000) gives a plaintiff only thirty days to file in state court after a supplemental claim is dismissed. The district court did not address the other arguments. Goodman now appeals.

## ISSUE

Does the tolling provision in 28 U.S.C. § 1367(d) (2000) suspend the running of the limitations period?

## ANALYSIS

■■■ Under 28 U.S.C. § 1367(d) (2000), state courts must apply a tolling rule after a federal court dismisses claims asserted under supplementary jurisdiction. The statute provides that:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of [thirty] days after it is dismissed unless State law provides for a longer tolling period.

*Id.* The substantive regulation of state-court processes in section 1367(d) is a necessary and proper exercise of Congress's power to create federal courts and to provide for the fair and efficient exercise of its Article III powers. *Jinks v. Richland County,* 538 U.S. 456, 462, 123 S.Ct. 1667, 1671, 155 L.Ed.2d 631 (2003).

■■■ This case requires us to apply section 1367(d). Statutory construction is a question of law, which we review de novo. *Rosenberg v. Heritage Renovations, LLC,* 685 N.W.2d 320, 324 (Minn.2004). We start from the necessary presumption that a legislative body "says in a statute what it means and means in a statute what it says." *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992). It is only when the meaning is not plain, that judicial interpretation is necessary. *Id.* at 254, 112 S.Ct. at 1149. In focusing on the words of the statute, "we consider not only the bare meaning of the critical word or phrase but also its placement and purpose in the statutory scheme." *Holloway v. United States,* 526 U.S. 1, 6, 119 S.Ct. 966, 969, 143 L.Ed.2d 1 (1999) (quotation omitted).

As the Supreme Court has repeatedly stated, "the meaning of statutory language, plain or not, depends on context." *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221, 112 S.Ct. 570, 574, 116 L.Ed.2d 578 (1991). We are also required to analyze statutes in a way that gives meaning to each word. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979).

The question of whether the statute is plain or not centers on the word "toll." Black's Law Dictionary gives two relevant definitions of "toll." One meaning is to "annul or take away." *Black's Law Dictionary* 1525 (8th ed.2004). The second meaning is "to stop the running of." *Id.* Based on these definitions, three different interpretations of section 1367(d) initially appear to be possible.

First, the statutory language "shall be tolled" could mean that section 1367(d) would "annul" the state limitations period completely and replace it with a fixed period: the thirty-day period after federal dismissal. *See Chardon v. Fumero Soto,* 462 U.S. 650, 652 n. 1, 103 S.Ct. 2611, 2613 n. 1, 77 L.Ed.2d 74 (1983) (noting that word "toll" is sometimes used "to establish a fixed period [for filing suit] without regard to the length of the original limitations period or the amount of time left when tolling began").

Second, and related, is the interpretation that section 1367(d) would only toll the *expiration* of the state limitations period: it "annuls" the state limitations period if the state filing deadline would otherwise have occurred during the period in question. This interpretation treats that period in the statute—the federal claim period plus thirty days—as a single span of time. If the state limitations period runs out during that span, the thirtieth day after dismissal becomes the new filing deadline. Under these circumstances, the outcome is the same as under the "annul and replace" interpretation. If, however, the state limitations period does not run out during that span of time, the state limitations period is unaffected and terminates without regard to any federal court filings.

The third and final possibility is based on the second definition from Black's Law Dictionary. The "shall be tolled" language is read to mean that the state limitations period is *suspended*—i.e., the clock is stopped and the time is not counted—while the federal court is considering the claim and for thirty days after the claim is dismissed. Under this interpretation, whatever time remained on the state clock when the federal claim was filed starts to run again thirty days after the federal claim is dismissed.

These possible meanings for "toll" require us to focus closely on the context in which the word is used in section 1367(d). Does section 1367(d) "annul" the state statute of limitations and replace it with a thirty-day period? Does it establish the thirtieth day after dismissal as a deadline for filing only when the state filing deadline would otherwise fall within the federally designated period? Or does it suspend the running of the limitations period completely, and start the clock again thirty days after dismissal of the federal claim?

Although the Supreme Court has previously addressed section 1367(d), the question cannot be resolved based on United States Supreme Court precedent. In *Raygor v. Regents of Univ. of Minn.*, the United States Supreme Court stated that section 1367(d) "would toll the state statute of limitations for [thirty] days in addition to however long the claim had been pending in federal court." 534 U.S. 533, 542, 122 S.Ct. 999, 1005, 152 L.Ed.2d 27 (2002). This language does not resolve the meaning of "toll." A commentary to the statute uses language that would be con-

sistent with more than one interpretation and does not explain what "tolled" means. *See* David D. Siegel, *Changes in Federal Jurisdiction and Practice Under the New (Dec. 1, 1990) Judicial Improvements Act,* 133 F.R.D. 61, 68 (1991) (commenting on statute).

Instead, we conclude that the plain meaning of the word "tolled" can be resolved by examining the specific context in which it is used in section 1367(d), and the language of the section as a whole. The most easily rejected possible meaning is the second, which incorporates the concept of expiration. Under this interpretation, section 1367(d) "tolls" the expiration of the state limitations period when that period would otherwise expire "while the claim is pending and for a period of [thirty] days after it is dismissed." But if the state deadline does *not* fall during that span of time, the state period of limitations is deemed to have continued running, unaffected by section 1367(d). "Tolling" so defined would only occur when a particular condition is met, that is, when the state limitations period would otherwise expire during the statutorily designated period. But the usage of "toll" in section 1367(d) is clearly not conditional: it says "[t]he period of limitations ... *shall* be tolled...." Therefore, because section 1367(d) requires the same "tolling" in every instance, we must reject this interpretation.

Thus, two possible meanings remain: the "annul and replace" meaning and the "suspension of the clock" meaning. Context again provides our answer. If Congress had intended the "annul and replace" meaning of "toll," it would have designated a specific *moment* in time at which annulment was meant to take place. But section 1367(d) does not designate a particular moment in time at which annulment takes place: it does not state that the statute of limitations is tolled "*when*

the federal claim is filed," or "*on* filing the claim," or "*at the time* of filing the claim." Instead section 1367(d) states that the limitation period is tolled "*while* the claim is pending and *for a period* of [thirty] days after it is dismissed." Because this language designates a period of time, it must refer to an ongoing occurrence—a suspension, not an annulment. Section 1367(d) thus can reasonably be understood only as intending a suspension of the statute of limitations.

Best Buy, however, argues that the principle of giving meaning to each word requires us to interpret section 1367(d) as merely tolling the *effect* of the statute of limitations. Otherwise, Best Buy argues, the words "unless [s]tate law provides for a longer period" would be superfluous because the state statute of limitations would always provide for a longer time period. But this language is not superfluous if section 1367(d) suspends the running of the statute of limitations. Instead, the language simply accounts for the existence of statutes like Minn.Stat. § 541.18 (2006), which provides additional time to file claims after a judgment is reversed on appeal. In addition, the language permits states to give more than thirty days to refile when the federal claim is filed at the end of the limitations period.

We recognize that other state courts have reached split decisions on the interpretation of section 1367(d). Some courts have construed "tolling," as we do, to suspend the limitation period. *See Oleski v. Dep't of Pub. Welfare,* 822 A.2d 120, 126 (Pa.Commw.Ct.2003) (adopting suspension interpretation); *Bonifield v. County of Nev.,* 94 Cal.App.4th 298, 114 Cal.Rptr.2d 207, 211 (2001) (concluding that section 1367(d) suspends the running of limitations period based on plain meaning of statute). At least five other courts, however, have rejected the "suspension" construction in

applying section 1367(d). We have closely examined those opinions and have found them unpersuasive. Most of these decisions are based on policy concerns and do not discuss the text of the statute. *See Berke v. Buckley Broad. Corp.*, 359 N.J.Super. 587, 821 A.2d 118, 123 (2003) (reasoning that "we do not believe that the federal statute intends a result that would permit a gross protraction of the limitations period"); *Juan v. Gov't of N. Mariana Islands*, 6 N. Mar. I. 322, 326–27 (N. Mar. I.2001) (basing decision on precedent from other jurisdictions and statute's commentary); *Huang v. Ziko*, 132 N.C.App. 358, 511 S.E.2d 305, 307–08 (1999) (basing decision on policy in favor of prompt prosecution of legal claims); *Kolani v. Gluska*, 64 Cal.App.4th 402, 75 Cal.Rptr.2d 257, 261–62 (1998) (concluding that suspending statute is unreasonable and not necessary).

We believe that the appropriate focus is on the text of the statute. In *Turner v. Kight*, 178 Md.App. 1, 938 A.2d 863, 866–72 (2007), *cert. granted* (Md. Apr. 9, 2008), the court analyzed the text of the statute and concluded that section 1367(d) merely tolls the effect of the statute of limitations. The court based its decision, in part, on its view that the thirty-day period would be superfluous if the statute of limitations was suspended. *Id.* at 870. But the thirty-day period is not superfluous—it gives extra time when the federal claim is filed at the end of the limitations period. Thus, the decisions of other state courts do not provide a helpful or persuasive basis for adopting a different meaning.

Based on this interpretation of section 1367(d), Goodman filed his MHRA claim within the one-year statute of limitations. *See* Minn.Stat. § 363A.28, subd. 3 (2006) (stating that MHRA claim must be filed "within one year after the occurrence of the [discriminatory] practice"). Goodman filed this case on March 9, 2007, fewer than twenty-five months after Best Buy terminated his employment on February 21, 2005. But the running of the limitations period was suspended for approximately seventeen months under section 1367(d) from August 4, 2005, when his case was removed to federal court, to January 3, 2007, thirty days after the federal court dismissed the MHRA claim without prejudice. Thus, the limitations period for Goodman's MHRA claim ran for fewer than eight months before he filed this suit. We therefore conclude that the district court incorrectly determined that Goodman's claim was barred by MHRA's one-year statute of limitations.

## DECISION

Because 28 U.S.C. § 1367(d) (2000) suspends the running of the limitations period, the district court incorrectly granted summary judgment based on the statute of limitations, and we reverse and remand.

**Reversed and remanded.**