Jonathon GOODMAN, Respondent,

v.

BEST BUY, INC., Appellant.

No. A07–1820.

Supreme Court of Minnesota.

Feb. 4, 2010.

Katherine L. MacKinnon, Law Office of Katherine MacKinnon, St. Louis Park, MN, for respondent.

Joseph G. Schmitt, Halleland Lewis Nilan & Johnson, Charles E. Lundberg, David A. Turner, Bassford Remele, P.A., Minneapolis, MN, Shalanda D. Ballard, Best Buy, Inc., Richfield, MN, for appellant.

Melissa M. Weldon, Stephen P. Laitinen, Larson King, LLP, St. Paul, MN, for amicus curiae Minnesota Defense Lawyers Association.

Justin D. Cummins, Miller O'Brien Cummins, PLLP, Minneapolis, MN, for amicus curiae National Employment Lawyers Association, Minnesota Chapter.

## OPINION

ANDERSON, G. BARRY, Justice.

The issue here is the interpretation of the tolling provision in 28 U.S.C. § 1367(d) (2006), and specifically, the meaning of the words "shall be tolled."

Respondent Jonathon Goodman brought an action against appellant Best Buy in state court asserting claims under the Federal Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–54 (2006), and the Minnesota Human Rights Act (MHRA), Minn.Stat. ch. 363A (2008), for wrongful employment termination. Best Buy removed the case to federal district court; the court granted summary judgment for Best Buy on the FMLA claim and dismissed the MHRA claim without prejudice. Three months later, Goodman refiled his MHRA claim in state district court. The state district court dismissed the case after interpreting the tolling provision of 28 U.S.C. § 1367(d), concluding that the claim was time-barred by the one-year limitations period under the MHRA. The court of appeals reversed and remanded, holding that 28 U.S.C. § 1367(d) suspended the running of the limitations period on Goodman's claim while it was pending in federal court and for 30 days after it was dismissed. We affirm the court of appeals and remand.

In September 2002 Best Buy hired Goodman as a customer-service representative. Best Buy's attendance policy was to terminate the employment relationship if an employee was absent from work nine times in the immediately preceding 12 months. Goodman's supervisor informed Goodman on February 21, 2005, that due to absences, Goodman's employment was terminated.

Goodman brought a claim against Best Buy in state district court on July 12, 2005, under the FMLA and the MHRA for wrongful employment termination due to a medical condition. On August 4, 2005, Best Buy removed the case to federal district court. The federal district court granted summary judgment for Best Buy on the federal FMLA claim, and dismissed

the state MHRA claim without prejudice on December 4, 2006.

On March 9, 2007, three months after the federal district court dismissed the MHRA claim and more than two years after the claim accrued, Goodman refiled his MHRA claim in state district court. Best Buy moved to dismiss based on the expiration of the one-year limitations period for Goodman's MHRA claim. *See* Minn.Stat. § 363A.28, subd. 3 (2008). In the alternative, Best Buy moved for summary judgment. Both parties agreed that the one-year limitations period for the claim began to run when Goodman's employment was terminated on February 21, 2005. Goodman argued that the words "shall be tolled" in the federal supplemental jurisdiction statute, 28 U.S.C. § 1367(d), mean that the running of the limitations period stopped while the claim was in federal court. Best Buy argued that section 1367(d) only tolls the *expiration* of a limitations period, and provides a 30–day grace period after a state claim is dismissed from federal court. Because more than one year had passed since the claim accrued and Goodman filed the claim after the 30–day grace period, Best Buy argued that the claim should be dismissed. The state district court agreed with Best Buy's interpretation of section 1367(d), and dismissed Goodman's claim without reaching the motion for summary judgment.

Goodman appealed, and the court of appeals reversed and remanded. *Goodman v. Best Buy, Inc.*, 755 N.W.2d 354, 359 (Minn.App.2008). The court of appeals conducted a plain-language analysis of section 1367(d) and focused on the words "shall be tolled." *Id.* at 357–59. The court concluded that section 1367(d) suspended the running of the limitations period from August 4, 2005, when the case was removed to federal court, until January 3, 2007—30 days after the federal district court dismissed the MHRA claim.[1] *Id.* at 359. By subtracting the time that the claim had been pending in federal court plus the 30 days post-dismissal, the court of appeals concluded that the limitations period for Goodman's MHRA claim ran for less than eight months before refiling in state court. *Id.* The court of appeals held that the state district court had incorrectly determined that Goodman's claim was barred by the one-year limitations period, and reversed and remanded the case. *Id.*

We granted Best Buy's petition for review to decide a single issue: whether the tolling provision in 28 U.S.C. § 1367(d) suspends the running of a limitations period, or whether the tolling provision suspends the expiration of a limitations period.

Goodman asserts that the tolling provision in section 1367(d) should be read as suspending the running of a limitations period during the time that a state-law claim is pending in federal court so that, if the claim is dismissed, the claimant has as much time remaining as when the claim was removed to federal court, plus 30 days. Best Buy contends that the tolling provision in section 1367(d) should be read as suspending the expiration of a limitations period on a state-law claim, but only if the limitations period otherwise expires while the claim is pending in federal court

---

1. Neither Goodman nor Best Buy addressed whether the limitations period on the MHRA claim was tolled upon commencement of the action in state district court in July 2005 until the time that the claim was removed to federal district court. The state district court and the court of appeals also did not address this issue. Because whether or not the limitations period was tolled while the claim was pending in state district court has no bearing on our interpretation of 28 U.S.C. § 1367(d) and the ultimate disposition of this case, we also do not address the issue here.

or within 30 days of its dismissal from federal court. We reject the approach suggested by Best Buy and conclude that section 1367(d) suspends the running of a limitations period during the time a state-law claim is pending in federal court and for 30 days after the claim is dismissed, and does not merely suspend the expiration of the limitations period.

The federal supplemental jurisdiction statute, 28 U.S.C. § 1367, provides a tolling provision for supplemental jurisdiction claims that are in federal court and that are later dismissed. Section 1367(d) states:

> The *period of limitations* for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), *shall be tolled while the claim is pending and for a period of 30 days after it is dismissed* unless State law provides for a longer tolling period.

(Emphasis added.) Best Buy argues that the court of appeals misinterpreted section 1367(d) and that the words "shall be tolled" are ambiguous. It contends that section 1367(d) should be interpreted as merely tolling the *expiration* of the limitations period on a state-law claim while it is pending in federal court and for 30 days after its dismissal, and not as suspending the running of the limitations period.

■■■■ Statutory construction is a question of law that we review de novo. *State v. Mauer,* 741 N.W.2d 107, 111 (Minn. 2007). When analyzing a federal statute, our task "is to give effect to the will of Congress." *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 570, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982). We must "presume that [the] legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l*

*Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). Further analysis is unnecessary "if the intent of Congress is clear and unambiguously expressed by the statutory language at issue." *Zuni Pub. Sch. Dist. No. 89 v. Dep't of Educ.,* 550 U.S. 81, 93, 127 S.Ct. 1534, 167 L.Ed.2d 449 (2007).

■■■■ In reading the statute, it is necessary to "consider not only the bare meaning" of the word or phrase, "but also its placement and purpose in the statutory scheme." *Bailey v. United States,* 516 U.S. 137, 145, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Every word Congress used should be given effect. *Reiter v. Sonotone Corp.,* 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979). The statutory text is the "authoritative statement," however, "not the legislative history or any other extrinsic material. Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 568, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). We apply a similar approach when analyzing Minnesota statutes. *See* Minn.Stat. § 645.16 (2008); *Beardsley v. Garcia,* 753 N.W.2d 735, 737 (Minn.2008). Our first step is to look at the wording of section 1367(d) as applied to these circumstances and determine whether it is free from ambiguity.

We have said that a statute is ambiguous if it is susceptible to "more than one reasonable interpretation." *State v. Mauer,* 741 N.W.2d 107, 111 (Minn.2007). Best Buy argues that section 1367(d) is ambiguous because the words "shall be tolled" have more than one reasonable interpretation. The Minnesota Court of Appeals concluded that the tolling language in section 1367(d) has only one reasonable interpretation. *Goodman,* 755 N.W.2d at

357–58. The court did so by focusing on the meaning of the word "tolled," and determining that "tolled" has a plain meaning in the statute that "can be resolved by examining the specific context in which it is used." *Id.* We agree.

The court of appeals started its analysis by noting that *Black's Law Dictionary* 1525 (8th ed. 2004)[2] defines "toll" in two relevant ways: (1) "[t]o annul or take away," and (2) "[t]o stop the running of." *Goodman,* 755 N.W.2d at 357. The court determined that based on these definitions, three interpretations of the words "shall be tolled" in section 1367(d) must be considered.[3] *Goodman,* 755 N.W.2d at 357. We refer to these three interpretations as the (1) annulment interpretation, (2) grace-period interpretation, and (3) suspension-of-the-clock interpretation.

Based on the definitions of "toll" from *Black's Law Dictionary,* the court of appeals considered whether "tolled" as used in section 1367(d) could have an annulment interpretation, meaning that section 1367(d) could annul the state limitations period entirely and replace it with a 30-day fixed period after dismissal. *Good-man,* 755 N.W.2d at 357. But the court rejected this interpretation because if Congress had intended this, it would have designated a specific moment in time at which the annulment was to occur by stating that the statute of limitations is tolled "when" the federal claim is filed, or "at the time of filing." *Id.* at 358. Instead, section 1367(d) says that the period of limitations is tolled "*while* the claim is pending *and* for a period of 30 days after it is dismissed." 28 U.S.C. § 1367(d) (emphasis added). This language indicates an ongoing occurrence, such as a suspension, and not an annulment accompanied by a new 30-day filing period. *Goodman,* 755 N.W.2d at 358. We agree with the court of appeals that an annulment interpretation of section 1367(d) is unreasonable given the wording of the statute, and specifically, the use of the word "while" coupled with "and."

The court of appeals also considered a grace-period interpretation (Best Buy's interpretation) of section 1367(d), meaning that only the expiration or effect of the limitations period is "tolled," and *only if* the limitations period ends while the claim is pending in federal court or during the 30

**2.** Best Buy argues that the court of appeals should not have relied on *Black's Law Dictionary* because it is a technical dictionary and should not be used when conducting a plain-language reading of a statute. But the court of appeals' reliance on *Black's Law Dictionary* was appropriate. The United States Supreme Court has recognized the usefulness and appropriateness in consulting *Black's Law Dictionary* when conducting a plain-language reading of a statute, as have we. *See, e.g., BP Am. Prod. Co. v. Burton,* 549 U.S. 84, 91–92, 127 S.Ct. 638, 166 L.Ed.2d 494 (2006) (using *Black's Law Dictionary* to determine the meaning of "action," "complaint," and "damages"); *State v. Hartmann,* 700 N.W.2d 449, 454 (Minn.2005) (using *Black's Law Dictionary* to determine the meaning of "product").

**3.** As part of its argument, Best Buy asserts that the court of appeals' statement that "three different interpretations of section 1367(d) initially appear to be possible," *Goodman,* 755 N.W.2d at 357, is incongruous with its holding that section 1367(d) has a plain meaning, *Goodman,* 755 N.W.2d at 358–59. Statutory construction, however, begins with an analysis of the statutory language. Initially potential interpretations are, in the end, not necessarily reasonable interpretations. We see no discrepancy between noting that statutory language may at first glance have more than one meaning, and later drawing the conclusion that the language has one clear meaning after analyzing the various potential interpretations. To hold otherwise would mean that conflicting assertions of plain meaning mandate a conclusion that no plain meaning interpretation is possible and that all statutory interpretations are equal. We reject Best Buy's argument.

days after dismissal. *Goodman,* 755 N.W.2d at 358. But, under this interpretation, the limitations period is unaffected if the limitations period does not expire while the claim is pending in federal court or during the 30 days after dismissal. *Id.* The court rejected this interpretation because it is based on a condition; tolling occurs only if the period of limitations expires while the claim is pending in federal court or during the 30 days post-dismissal. *Id.* The statute, however, uses unconditional language: "[t]he period of limitations ... *shall* be tolled." 28 U.S.C. § 1367(d) (emphasis added). We agree with the court of appeals that the grace-period interpretation is not reasonable given the complete text of section 1367(d). If Congress had intended the grace-period interpretation put forth by Best Buy, it would not have used the unconditional word "shall."

Best Buy admits that under its interpretation, three outcomes are possible:

1. If the limitations period would otherwise expire while the claim is in federal court, section 1367(d) blocks the expiration and the plaintiff has 30 days after dismissal in which to refile the claim in state court. (Thus, if a plaintiff starts a lawsuit on the 364th day of a one-year limitations period, he or she has 30 days—not just one day—in which to refile after the federal court has dismissed the claim.)

2. If the limitations period would otherwise expire less than 30 days after dismissal by the federal court, the plaintiff gets a full 30 days in which to refile.

3. If the limitations period would otherwise expire more than 30 days after dismissal, the plaintiff would have the remainder of the limitations period in which to refile and no tolling would occur.

Best Buy's interpretation would thus require us to read the words "the period of limitations ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed" as "the [*expiration of the* ] period of limitations ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed." Stated another way, Best Buy would have us read section 1367(d) as "the period of limitations ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed [*if the period of limitations expires during the pendency of the claim in federal court or within 30 days after dismissal* ]."

Under this interpretation, if the period of limitations does not expire during the pendency of the claim in federal court or during the 30 days post-dismissal, no tolling takes place. Essentially, Best Buy is creating an ambiguity where none exists by reading missing words or conditions into the statute. Such reasoning would make any statute ambiguous.

By eliminating the annulment and grace-period interpretations, the court of appeals concluded, and we agree, that the third meaning of "tolled," Goodman's suspension-of-the-clock interpretation, is the only reasonable meaning: the running of the limitations period, not merely the expiration of the limitations period, is suspended while the claim is pending in federal court and for 30 days after dismissal by the federal court. *Goodman,* 755 N.W.2d at 358. Once the 30 days after dismissal have passed, the limitations period "clock" starts to run again, and the claimant has the same amount of days to file as the claimant did on the first day that the tolling began. This is the only reasonable interpretation given the complete text of section 1367(d).

Therefore, we agree with the court of appeals that the tolling language of section 1367(d) has a plain meaning and is subject to only one reasonable interpretation.

Best Buy argues that Goodman's suspension-of-the-clock interpretation would render the 30–day grace period meaningless because the extra 30 days would have significance only when a plaintiff commences an action in federal court near the end of the limitations period. Further, Best Buy contends that Goodman's interpretation would make the "unless State law provides for a longer tolling period" provision in section 1367(d) superfluous. But these arguments do not persuade us that section 1367(d) has more than one reasonable interpretation—the suspension-of-the-clock interpretation. The 30–day grace-period provision is not meaningless under Goodman's interpretation for the very reason Best Buy acknowledges: it protects plaintiffs who initially commence an action near the end of the limitations period. In addition, the words "unless State law provides for a longer tolling period" are not superfluous because those words take into account existing state statutes that give additional time to file claims, allowing states the option of giving a party more than 30 days to refile a claim when the claim is initially filed near the end of the limitations period.

It is true, as Best Buy notes, that state appellate courts around the nation have interpreted section 1367(d) in different ways, and that the suspension-of-the-clock interpretation could be considered the minority view. But the courts rejecting the suspension-of-the-clock interpretation did not perform a textual analysis of the wording; rather, those courts rejected the interpretation for policy reasons. *E.g.,* *Weinrib v. Duncan,* 962 So.2d 167, 169–70 (Ala.2007) (providing no textual analysis); *Kolani v. Gluska,* 64 Cal.App.4th 402, 75 Cal.Rptr.2d 257, 261 (1998) (reasoning that the suspension-of-the-clock interpretation "is not needed to avoid forfeitures, because 30 days is ample time for a diligent plaintiff to refile his claims and keep them alive ... [and] such a construction does significant harm to the statute of limitations policy"); *Berke v. Buckley Broad. Corp.,* 359 N.J.Super. 587, 821 A.2d 118, 123 (N.J.Super.Ct.App.Div.2003) (stating that "we do not believe that the federal statute intends a result that would permit a gross protraction of the limitations period"); *Huang v. Ziko,* 132 N.C.App. 358, 511 S.E.2d 305, 307–08 (1999) (reasoning that the suspension-of-the-clock interpretation "is contrary to the policy in favor of prompt prosecution of legal claims"). The fact that some state appellate courts have, for policy reasons, chosen a different statutory interpretation, does not dissuade us from reading the plain language of section 1367(d) and concluding that it unambiguously means that the running of the limitations period is suspended, and not merely the expiration of the limitations period.[4]

Because we hold that section 1367(d) is unambiguous, there is no need for us to turn to legislative history or to address Best Buy's other arguments.

Based on our plain-language reading of section 1367(d), we conclude that the limitations period on Goodman's MHRA claim

---

4. The following courts have adopted the suspension-of-the-clock interpretation: *Bonifield v. County of Nevada,* 94 Cal.App.4th 298, 114 Cal.Rptr.2d 207, 211 (2001) (employing plain-language analysis); *Turner v. Kight,* 406 Md. 167, 957 A.2d 984, 989, 992 (2008), *cert. denied,* —— U.S. ——, 129 S.Ct. 1985, 173 L.Ed.2d 1084 (2009) (concluding that the statute is ambiguous, but holding that the suspension-of-the-clock interpretation is correct because it is "the more commonly applied conception of tolling"); *Oleski v. Dep't of Pub. Welfare,* 822 A.2d 120, 126 (Pa. Commw.Ct.2003).

had not expired when he filed his complaint in state district court on March 9, 2007. The one-year limitations period for his MHRA claim began to run on February 21, 2005, when Best Buy terminated his employment. The running of the limitations period was suspended during the time that the claim was pending in federal court and for 30 days after the federal district court dismissed the claim.[5] On January 3, 2007, 30 days after the federal court dismissed the MHRA claim, the tolling of the limitations period ceased, and the limitations period began to run again. The time during which the MHRA claim was pending in federal court and the 30 days post-dismissal are not included when computing how much time remained in the limitations period. Thus, on March 9, 2007, when Goodman filed his MHRA claim in state court, the one-year limitations period had not expired, making his filing of the claim in state court timely.[6]

Affirmed and remanded.

PAGE and GILDEA, JJ., took no part in the consideration or decision of this case.

---

5. *See supra* note 1 (explaining that we decline to address whether the limitations period on the MHRA claim was tolled while the action was pending in state district court prior to removal to federal district court).

6. Goodman filed a cross-petition for review of the question of whether the paramount authority doctrine provided for in *St. Paul, Minneapolis & Manitoba Ry. Co. v. Olson,* 87

Minn. 117, 120, 91 N.W. 294, 296 (1902), tolled the MHRA limitations period while his claim was pending in federal court. Because we conclude that 28 U.S.C. § 1367(d) tolled the running of the limitations period on the MHRA claim, making Goodman's March 9, 2007, filing in state district court timely, we need not determine whether the paramount authority doctrine applies.