[Cite as *Smith v. Erie Cty. Sheriff's Dept.*, 2016-Ohio-543.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Christina Smith, Administrator for the
Estate of Margaret Stallard, Deceased

        Appellant

v.

Erie County Sheriff's Department, et al.

        Appellees

Court of Appeals No. E-15-028

Trial Court No. 2015-CV-0121

**DECISION AND JUDGMENT**

Decided:  February 12, 2016

* * * * *

John W. Gold, for appellant.

Teresa L. Grigsby, Sarah K. Skow, and Jason Hinners, for appellee, Erie
County Sheriff's Department.

Mel L. Lute, Jr., for appellee, Perkins Township Board of Trustees.

* * * * *

**YARBROUGH, J.**

## I. Introduction

{¶ 1} Appellant, Christina Smith, as administrator for the estate of Margaret Stallard, appeals the judgment of the Erie County Court of Common Pleas, dismissing her complaint on the basis that the claims raised therein were time-barred. We affirm.

### A. Facts and Procedural Background

{¶ 2} On February 27, 2015, appellant filed her complaint in this action against appellees, Erie County Sheriff's Department, Erie County Board of Commissioners, Terry Lions, D. Todd Dempsey, Brittany Hausman, Kyle Bellamy, Perkins Township Board of Trustees, Ken Klamar, and Mark Kusser.[1] The complaint stems from Stallard's detention in the Erie County jail on January 1, 2012.

{¶ 3} According to the complaint, Stallard was arrested for disorderly conduct at around 4 a.m. on January 1, 2012. She was transported to the Erie County jail and placed into a cell after being booked. Appellant's complaint alleges that Stallard was visibly intoxicated at the time of her booking, although she verbally denied having consumed alcohol earlier in the day. Several hours later, a nurse employed by the jail visited Stallard's cell and found her unresponsive. Paramedics were alerted, but Stallard was not

---

[1] Lions is the former Erie County Sheriff. Dempsey is the administrator of the Erie County jail. Hausman and Bellamy are corrections officer employed by the Erie County jail who were working on January 1, 2012. Klamar is the chief of police for the Perkins Township Police Department, and Kusser is the Perkins Township police officer who arrested Stallard prior to her detention in the Erie County jail.

2.

able to be resuscitated. She was subsequently pronounced dead in her cell. Appellant alleged in her complaint that the coroner's toxicology report revealed no alcohol was found in Stallard's system, but, rather, that Stallard died from a "lethal cocktail of prescription drugs in her system."

{¶ 4} As a result of the foregoing, appellant filed her complaint in this action, seeking damages in excess of $50,000, and alleging that appellees recklessly caused Stallard's death while Stallard was detained in the Erie County jail. In essence, appellant avers that Stallard's death was the result of appellees' failure to administer proper medical care or follow policies in effect at the Erie County jail concerning medical screenings.

{¶ 5} Prior to instituting the present action, appellant first sought to recover damages against appellees in federal court. To that end, appellant filed a complaint on July 8, 2012, in the United States District Court for the Northern District of Ohio. In that action, appellant alleged civil rights violations under 42 U.S.C. 1983, as well as related state claims. On January 29, 2014, the federal court dismissed appellant's federal claims and declined to exercise supplemental jurisdiction over the state claims, thereby dismissing the state claims without prejudice.[2]

---

[2] Appellant appealed the federal trial court's dismissal of her civil rights claim under 42 U.S.C. 1983 to the United States Court of Appeals for the Sixth Circuit. The trial court's dismissal was ultimately affirmed on appeal. *Smith v. Erie Cty. Sheriff's Dept.*, 603 Fed.Appx. 414 (6th Cir.2015).

3.

{¶ 6} Almost 13 months later, appellant filed her complaint in the present action. In response, appellees filed a motion to dismiss, arguing that the statute of limitations on the state claims asserted in appellant's complaint had expired. Appellant opposed the motion by asserting that the statute of limitations tolled during the pendency of the federal action under 28 U.S.C. 1367(d).

{¶ 7} Before the court could rule on appellees' motion, appellant filed an amended complaint in which she essentially sought a declaration that the statute of limitations was tolled on the state claims that were before the federal court pursuant to 28 U.S.C. 1367(d) during the pendency of the federal action and for 30 days after the claims were dismissed by the federal court.

{¶ 8} Thereafter, on April 9, 2015, the trial court issued its decision on appellees' motion to dismiss, in which it granted the motion upon a finding that the claims raised in appellant's complaint were time-barred. Four days later, the trial court granted appellees' motion to strike appellant's amended complaint because it was filed without leave of court.

{¶ 9} Following the trial court's rulings on appellees' motions, appellant filed a motion for relief from judgment under Civ.R. 60(B). Thereafter, on May 11, 2015, appellant filed her timely notice of appeal with this court, challenging the trial court's decision on appellees' motion to dismiss. She did not appeal the trial court's decision to strike her amended complaint. Three days later, the trial court denied appellant's motion for relief from judgment.

4.

{¶ 10} We subsequently vacated the trial court's judgment on appellant's motion for relief from judgment since the matter was already before our court on appeal at the time the trial court issued its decision. On June 30, 2015, we remanded this matter to the trial court so that it could re-enter its decision on appellant's motion for relief from judgment. The trial court ultimately denied appellant's motion on July 8, 2015. We have since granted appellant's motion to amend her notice of appeal to allow her to appeal the trial court's denial of her motion for relief from judgment.

### B. Assignments of Error

{¶ 11} On appeal, appellant assigns the following errors for our review:

I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO APPLY THE TOLLING PROVISIONS SET FORTH IN 28 U.S.C. 1367(D) TO PLAINTIFF'S STATE LAW WRONGFUL DEATH CLAIMS ASSERTED IN HER COMPLAINT.

II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED DEFENDANT-APPELLEES' PROCEDURALLY MOOT MOTIONS TO DISMISS.

III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED PLAINTIFF-APPELLANT'S CIV.R. 60(B) MOTION AFTER THE INSTANT APPEAL WAS FILED.

5.

## II. Analysis

{¶ 12} Our resolution of the instant appeal hinges upon the interpretation of the tolling provisions found in 28 U.S.C. 1367(d). "The interpretation of a statute is a question of law, and accordingly, we review the matter de novo." *State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, ¶ 6, citing *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9.

{¶ 13} In appellant's first assignment of error, she argues that the trial court erred in its application of 28 U.S.C. 1367(d). 28 U.S.C. 1367 grants federal courts supplemental jurisdiction over state law claims that are related to claims over which the federal court has original jurisdiction. Specifically, 28 U.S.C. 1367 provides, in relevant part:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

* * *

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

* * *

(3) the district court has dismissed all claims over which it has original jurisdiction[.]

* * *

(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

{¶ 14} According to appellant's interpretation of the tolling provisions of 28 U.S.C. 1367(d), the clock on the two-year statute of limitations that applies to wrongful death claims under R.C. 2125.02(D)(1) should have stopped on July 8, 2012, the day she filed her complaint in federal court. Further, appellant reasons that the clock did not restart until 30 days after the wrongful death claims were dismissed by the federal court on January 29, 2014. Thus, according to appellant, the two-year statute of limitations did not expire until July 14, 2015.

{¶ 15} It is not clear how appellant arrives at this date under her interpretation of 28 U.S.C. 1367(d). In order to arrive at the appropriate date, we begin by counting 199 days from the date of Stallard's death until the date appellant filed her complaint in

7.

federal court. Reducing the 2-year (730 days) statute of limitations by 199 days, appellant would have had 531 days from February 28, 2014, the date the clock restarted, to file her complaint in state court. Therefore, under appellant's reading of the tolling provisions of 28 U.S.C. 1367(d), the two-year statute of limitations would not have expired until August 15, 2015. In any event, the date upon which the statute of limitations would have expired under appellant's understanding of 28 U.S.C. 1367(d) was after she filed her complaint on February 27, 2015.

{¶ 16} In support of her interpretation of 28 U.S.C. 1367(d), appellant cites the Sixth Circuit's decision in *In re Vertrue Inc. Marketing and Sales Practices Litigation*, 719 F.3d 474 (6th Cir.2013). There, the Sixth Circuit considered several possible interpretations of the tolling provisions of 28 U.S.C. 1367(d), stating:

> There are three possible interpretations of this statute. *See Turner v. Kight*, 406 Md. 167, 957 A.2d 984 (2008); *Goodman v. Best Buy*, 755 N.W.2d 354 (Minn.Ct.App.2008). As set forth in *Turner* and *Goodman*, the statute could arguably be interpreted as "annulling" the state statute of limitations. In this manner, the state statute of limitations period is completely replaced "by a fixed period: the thirty-day period after federal dismissal." This interpretation is known as the "substitution approach." The second, and related interpretation, is that Section 1367(d) only tolls the expiration of the statute of limitations[.]

8.

This interpretation treats that period in the statute—the federal claim period plus thirty days—as a single span of time. If the state limitations period runs out during that span, the thirtieth day after dismissal becomes the new filing deadline. Under these circumstances, the outcome is the same as under the 'annul and replace' interpretations. If, however, the state limitations period does not run out during that span of time, the state limitations period is unaffected and terminates without regard to any federal court filings. *Goodman*, 755 N.W.2d at 357.

The second interpretation is known as the "extension approach." The third possible interpretation is that Section 1367(d) suspends the running of the statute of limitations, i.e., "the clock is stopped and the time is not counted—while the federal court is considering the claim and for thirty days after the claim is dismissed." *Id.* This is referred to as the "suspension approach." *Vertrue* at 481.

{¶ 17} The court proceeded to dismiss the substitution approach on the basis that no other courts have adopted that approach and the statutory language does not lend itself to such an interpretation. *Id.* The court went on to recognize that courts are split as to the application of the extension approach or the suspension approach. Ultimately, the

9.

*Vertrue* court determined that the suspension approach was the "fairest reading of the statute," and was the only approach that provided all supplemental state claims with a tolling benefit. *Id.*

{¶ 18} Notably, in citing several courts that have adopted the extension approach, the *Vertrue* court cited *Harris v. O'Brien*, 8th Dist. Cuyahoga Nos. 86218, 86323, 2006-Ohio-109. In *Harris*, the Eighth District determined that 28 U.S.C. 1367(d) tolled the relevant statute of limitations on Harris's state law claims for 30 days after the claims were dismissed in federal court. The court did not indicate any stoppage of the statute of limitations during the period the claims were pending before the federal court. Rather, the court found that Harris's action was time-barred simply because the one-year statute of limitations had run by the time he refiled his state claims, and because he did not refile the action within the 30-day window set forth in 28 U.S.C. 1367(d). *Id.* at ¶ 16; *see also Antoon v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 101373, 2015-Ohio-421, ¶ 18 ("Our reading of 28 U.S.C. 1367(d) is that it only applies when the statute of limitations expires while the action that contains state causes of action is pending in federal court.").

{¶ 19} Upon consideration of the three possible approaches concerning the tolling provisions found in 28 U.S.C. 1367(d), we are of the same mind as the Eighth District in concluding that the extension approach presents the most reasonable interpretation of the statute. In so holding, we disagree with the Sixth Circuit's premise that all state law supplemental claims should enjoy a tolling benefit under 28 U.S.C. 1367(d). We note

10.

that "we are not bound by rulings on federal statutory or constitutional law made by a federal court other than the United States Supreme Court." *State v. Burnett*, 93 Ohio St.3d 419, 424, 755 N.E.2d 857 (2001).

{¶ 20} Were we to accept the Sixth Circuit's view, litigants could delay the filing of state claims in a state court for a period of time well in excess of the relevant statute of limitations by simply filing first in federal court. Under the extension approach, Ohio's statutes of limitations are preserved and the tolling provisions within 28 U.S.C. 1367(d) remain effective in providing litigants an additional 30 days to refile state claims that were dismissed from federal court, thereby preventing litigants from having to choose between federal court and state court on the basis of a statute of limitations. We find appellant's arguments to the contrary unavailing.

{¶ 21} Having adopted the extension approach, we find that appellant's wrongful death claims in this case were untimely as they were filed after the expiration of the two-year statute of limitations, and more than 30 days after the claims were dismissed from federal court. Accordingly, appellant's first assignment of error is not well-taken. Because we conclude that the trial court properly found that appellant's claims were time-barred, we find that appellant's second assignment of error, contesting the trial court's dismissal of appellant's claims, is not well-taken.

{¶ 22} In appellant's third assignment of error, she argues that the trial court erred in rendering a decision on her motion for relief from judgment while the case was pending before this court on appeal. We find this argument moot since we already

11.

vacated the trial court's initial denial of appellant's motion on jurisdictional grounds. We then remanded the matter to the trial court so that it could re-enter its decision on appellant's motion. Therefore, appellant's third assignment of error is not well-taken.

### III. Conclusion

{¶ 23} In light of the foregoing, we affirm the judgment of the Erie County Court of Common Pleas. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.
_____
JUDGE

Stephen A. Yarbrough, J.

James D. Jensen, P.J.
_____
CONCUR.
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.