Filed 2/24/14  Branden v. State of Ca. Unemployment Ins. Appeals Bd. CA2/4
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JEFFREY BRANDEEN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>STATE OF CALIFORNIA<br>UNEMPLOYMENT INSURANCE<br>APPEALS BOARD,<br><br>    Defendant and Respondent. | B243677<br><br>(Los Angeles County<br> Super. Ct. No. BS131360) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ann I. Jones, Judge.  Affirmed.

Jeffrey Brandeen, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Leslie P. McElroy, Phillip J. Matsumoto and Carmen D. Snuggs, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Jeffrey Brandeen appeals from the judgment following the sustaining of a demurrer without leave to amend to his petition for writ of mandate

challenging a decision of the California Unemployment Insurance Appeals Board (the Board), which declared him ineligible for unemployment benefits and ordered repayment. We affirm.

## BACKGROUND

From July 6, 2008 through November 21, 2009, appellant received unemployment insurance benefits for separate periods of 20 weeks, 12 weeks, 13 weeks, and 2 weeks.[1] After the California Employment Development Department issued notice that appellant was ineligible for those benefits and sought repayment, appellant appealed the notice to the Board. An administrative law judge heard the case, and ruled that appellant was overpaid benefits and was liable for repayment because, inter alia, he made willfully false statements and withheld material facts when claiming benefits, i.e., that he had accepted employment with the University of Phoenix as an online teacher beginning August 30, 2008.

Appellant appealed the administrative law judge's decision. On September 21, 2010, the Board's appellate panel issued a final decision affirming (with certain modifications and a limited remand) the administrative law judge's findings. Included with the decision was a notice of "FURTHER APPEAL AND PARTIAL REMAND INFORMATION" which stated in part: "If you wish to appeal the enclosed decision, you may seek review in Superior Court by filing a Petition for Writ of Mandate pursuant to section 1094.5 of the Code of Civil Procedure. You must file such petition directly with the Superior Court not later than six (6)

---

[1] We granted the Board's motion to augment the record to include copies of the decisions of the administrative law judge and the Board in appellant's appeals from rulings finding him ineligible for benefits and liable for repayment. As did the trial court, we take judicial notice of these documents (Evid. Code, § 459, subd. (a)(1)), from which our background facts are drawn in part.

2

months after the date of the decision of the Appeals Board. The Appeals Board does not process petitions for court review." (Underlining and boldface omitted.)

This notice is based in part on the statute of limitations contained in Unemployment Insurance Code section 410 (hereafter section 410), which provides in relevant part: "A decision of the appeals board is final, except for such action as may be taken by a judicial tribunal as permitted or required by law. . . . [¶] Notwithstanding any other provision of law, the right . . . of any other party . . . to seek judicial review from an appeals board decision shall be exercised not later than six months after the date of the decision of the appeals board or the date on which the decision is designated as a precedent decision, whichever is later."

On March 2, 2011, acting in pro. per., appellant attempted to file a petition for writ of mandate challenging the Board's decision in the trial court and submitted a request to waive the filing fee. On March 3, 2011, the trial court denied the fee waiver request because appellant's income and expense declaration did not meet the criteria for a fee waiver under Government Code section 68632, and served appellant by mail. Because appellant neither paid the fee within 10 days of the denial nor requested a hearing on the fee waiver denial, the clerk of the court issued a notice voiding the filing of the petition for writ of mandate on March 28, 2011, under Government Code section 68634, subdivision (g).[2]

---

[2]     Government Code section 68634, subdivision (g) provides: "If an application is denied in whole or in part, the applicant shall pay the court fees and costs that ordinarily would be charged, or make the partial payment as ordered by the court, within 10 days after the clerk gives notice of the denial, unless within that time the applicant submits a new application or requests a hearing under subdivision (e). If the applicant does not pay on time, the clerk shall void the papers that were filed without payment of the court fees and costs."

On April 1, 2011, appellant filed a second petition for writ of mandate and paid the filing fee. However, on May 9, 2011, counsel for the Board made a special appearance to inform the trial court that appellant had not properly served the second petition. After appellant was able to effectuate proper service, the Board demurred to the second petition on December 2, 2011, contending that the six-month limitation period under section 410 for filing the petition expired March 21, 2011. Because appellant filed the second petition on April 1, 2011, it was barred by section 410. Before the demurrer was heard, appellant filed an amended petition. However, the amended petition alleged no facts that would take it outside the six-month limitation period.[3]

Appellant filed an opposition to the demurrer in which he contended that the filing of his first petition on March 2, 2011 was timely. He stated: "Petitioner was advised by the 'Fee Waiver' department that a final decision in regards to the . . . fee waiver would be issued in 'approximately two weeks.' At that time, the petitioner understood from the court that he would be notified on the result of his fee waiver request and then the case would move forward. Petitioner was also scheduled to be out of town for the following two weeks and would address the fee waiver request and Petition for Writ of Mandate upon return. Upon Petitioner's return, Petitioner was notified via US mail that the request for fee waiver was denied and that immediate payment was required to be paid within 10 calendar days. The 10 calendar day deadline for payment of filing fees expired prior to Petitioner's return and receipt of fee waiver request decision. Subsequently, Petitioner filed a 2nd Petition for Writ of Mandate and paid the necessary fees."

---

[3]     The amendment alleged facts relevant to challenging the merits of the Board's decision, and is not material to this appeal.

Based on these purported facts, appellant contended that the demurrer should be denied.

The trial court deemed the Board's demurrer to be to the amended petition and sustained the demurrer without leave to amend on the ground that it violated the section 410 statute of limitations. The court entered judgment on the dismissal, and appellant timely appealed.

## DISCUSSION

In reviewing the sustaining of a demurrer, we determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

Here, the face of the operative petition for writ of mandate – the second petition as amended -- and facts which we have judicially noticed show that the Board has a complete defense to the petition under section 410. The Board's decision affirming the administrative law judge's decision was final on September 21, 2010. The six-month limitation period of section 410 expired on March 21, 2011. The second petition (later amended) was filed on April 1, 2011. The petition as amended contains no allegations that might excuse the late filing. Hence, it was barred by section 410.

Appellant contends that because the attempted filing of his first petition on March 2, 2011 was timely, the demurrer to the second petition (as amended) should have been overruled. However, under Government Code section 68634, subdivision (g), the filing of the first petition was void. Following the denial of his

5

fee waiver request, appellant failed to pay the fees or request a hearing, and the clerk of the court properly issued a notice of voiding. (Gov. Code, § 68634, subd. (g).) Thus, the first petition has no legal effect – it is deemed never to have been filed.

On appeal, as he did in the trial court, appellant asserts facts not alleged in the second petition (as amended) as the basis for arguing that the demurrer should have been overruled. Assuming appellant could further amend the second petition to allege such facts, they do not constitute a bar to application of section 410.

Appellant states that when he filed the first petition he was "prompted" by a named filing clerk to submit a fee waiver request in order to avoid or delay paying the fee (even though he had funds to pay it), and was told that a decision on a fee waiver was usually issued in two to three weeks. Based on the clerk's comments, appellant filed the fee waiver request and left California on preplanned business which involved interstate commerce.[4] By the time he returned and saw the notice that the fee waiver request had been denied, he did not have sufficient time to respond to the denial of the fee waiver or pay the fee.

Appellant contends that on these facts his delay in filing the second petition is equitably tolled and, in essence, the filing of the second petition should relate back to the first. He is incorrect. Appellant failed to diligently and reasonably pursue his first petition – it was voided because he tried to evade paying the filing

---

[4] On appeal, appellant filed a motion under Code of Civil Procedure section 909 and California Rules of Court, rule 8.252, requesting that we admit documentary evidence to show that he was traveling in South America on behalf of a Minnesota corporation from March 3 to March 24, 2011, and to make factual findings to that effect. We deny the motion. In reviewing the sustaining of a demurrer, the court makes no factual findings. Further, the purported evidence is irrelevant to this appeal – we assume appellant could amend to allege he was traveling out of state on business involving interstate commerce and did not receive actual notice that his fee waiver had been denied until it was too late for him to pay the fee.

fee even though he had the funds to do so, apparently had not attempted to determine whether his circumstances would entitle him to a fee waiver under the law, and then left the state without investigating the potential consequences if the request were denied in his absence or making any arrangements to pay the fee. Thus, because his first petition was voided based on his own unreasonable neglect, equitable tolling does not apply. (See *Tannhauser v. Adams* (1947) 31 Cal.2d 169, 177 [equitable tolling did not apply where the first action not diligently pursued and was dismissed for want of prosecution; dismissal resulted not from court error, but plaintiff's and counsel's neglect]; see also *Bonifield v. County of Nevada* (2001) 94 Cal.App.4th 298, 305 [equitable tolling requires reasonable and good faith conduct by plaintiff].)

Appellant contends, in substance, that his conduct was reasonable or excused because the fee filing clerk's comments as he interpreted them led him to believe that the fee waiver request was an advantageous tactic and that he could travel out of state because a ruling would not be issued for two to three weeks. Appellant seeks to characterize the clerk's comments as error or misconduct attributable to the court inducing his neglect. However, pro per litigants are held to the same standards as attorneys. (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) It would obviously be inexcusable for an attorney to engage in the same conduct as appellant in trying to evade paying the filing fee he was otherwise prepared to pay on behalf of a client, to be ignorant of the law, and to leave the state without making arrangements for paying the filing fee should the fee waiver request be denied in his absence. Appellant is entitled to no greater consideration.

To the extent appellant contends that the time for filing his second petition was tolled while he was out of state for purpose of interstate commerce, he is

7

incorrect. While California law contains a tolling provision applicable in certain circumstances when the defendant is out of state (Code. Civ. Proc., § 351), there is no similar tolling provision for a plaintiff's absence from the state. Further, to the extent appellant contends that failure to toll the period he was out of state violates the commerce clause of the federal constitution, there is no authority to support that proposition. In some circumstances, tolling the statute of limitations against an out-of-state *defendant* violates the commerce clause. (See, e.g., *Dan Clark Family Limited Partnership v. Miramontes* (2011) 193 Cal.App.4th 219, 222 [finding a commerce clause violation in applying Code of Civil Procedure section 351 to a nonresident defendant where "it would force a nonresident defendant to choose between remaining in the state for several years, or returning to his or her place of residence"].) However, no court has intimated that a failure to toll the statute of limitations for a California resident plaintiff, like appellant, who chooses to temporarily leave the state to engage in interstate commerce somehow violates the commerce clause.

Appellant contends that because he did not learn that his first petition had been voided until after he returned to California, and he then promptly filed his second petition and paid the filing fee, his second petition should be deemed timely under the delayed discovery rule. Of course, that doctrine applies when "the plaintiff pleads and proves that a reasonable investigation . . . would not have revealed a factual basis for [a] *particular cause of action*." (*Fox v. Ethicon Endo-Surgery, Inc*. (2005) 35 Cal.4th 797, 803, italics added.) It does not apply to appellant's delayed discovery that the filing of his first petition challenging the Board's decision had been voided for failing to pay the filing fee.

Because appellant cannot further amend his petition to plead a bar to the limitation period of section 410, the trial court properly sustained the demurrer

without leave to amend.  (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.)

## DISPOSITON

The judgment is affirmed.  The Board shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


MANELLA, J.

9